## ABRAHAM B. VAIL et al. *v.* ABRAHAM BIRD, Executor.

A slave may become a party to a civil suit when he has to claim or prove his freedom. C. C. 177.

The heirs may dispute a legacy to a slave of her freedom upon the ground of the concubinage of the slave with the testator, and cannot be defeated by the objection that they are thus alleging the turpitude of the person from whom they derive their title. In such a case, the fact that the legatee was the slave of the testator, does not constitute a legal excuse for the concubinage. C. C. 1468.

Slaves are made immovable property by the laws of Louisiana; and the donation of freedom to a slave, is the donation of an immovable.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *A. M. Dunn*, for plaintiffs. *J. M. Brunot*, for defendant. The judgment of the court was pronounced by

PRESTON, J. The plaintiffs allege that they are the lawful heirs of *Henry C. Vail*, and have accepted his succession unconditionally. They allege that he made a will, the execution of which has been ordered, and that *Abraham Bird*, the defendant, is acting as the executor. They further allege, that the testator emancipated, by his will, a female slave named *Jane*, and gave her two promissory notes of one hundred dollars each, and that these legacies should be annulled, because the testator lived in open concubinage with *Jane*; that the donation of freedom to her is a disposition of his immovable property in her favor, which is prohibited by law. They contend that the testator could only give her a tenth part of the value of his estate in movable property, which they allege the donations in her favor greatly exceed. They pray that *Jane* may be made a party to this suit, and that the donations to her may be annulled by judgment.

*Bird*, the executor, excepted to the petition that the plaintiffs could not make *Jane* a party. Our code, however, enables a slave to become a party plaintiff or defendant to a civil action when he has to claim or prove his freedom. Art. 177. He further excepted, that the allegation of concubinage between master and slave, was improper, and not in law admissible, because the slave was entirely subject to the power of her master and without a will of her own; and further, that it was illegal and immoral to suffer heirs to enrich themselves by setting up and proving the turpitude of those from whom they derive title.

VAIL
v.
BIRD.

The district court sustained these exceptions, dismissed the plaintiffs' suit, and they have appealed.

The last ground of exception, if well founded, would equally apply to all donations reprobated by law, and defeat the whole object of our law and all its provisions on this important subject.

If the heir could not cast the opprobrium of concubinage upon those from whom he is entitled to inherit, the 1468th article of the code would be obliterated. But it is an explicit provision of law of great importance to the order, decency and well being of society, and this must be carried into full effect by the courts. This ground of exception cannot therefore be maintained.

The other ground is more plausible, but equally untenable. The slave is undoubtedly subject to the power of his master; but that means a lawful power, such as is consistent with good morals. The laws do not subject the female slave to an involuntary and illicit connexion with her master, but would protect her against that misfortune.

It is true, the female slave is peculiarly exposed, from her condition, to the seductions of an unprincipled master. That is a misfortune; but it is so rare in the case of concubinage that the seduction and temptation are not mutual that exceptions to a general rule cannot be founded upon it. The 1468th article of the code is so general as to embrace all persons, white or black, free or slaves, who are capable of concubinage together, and equally renders all who live together in open concubinage, incapable of making to each other donations of immovables at all, or of movables to more than a tenth of the value of their estate.

It is lastly said, that the donation of liberty to a slave is not the donation of an immovable. Slaves are made by our law immovable property. A donation which deprives the heir of the donor of a slave is a disposition of immovable property. The donation of freedom to a slave deprives the heirs of the slave, and is therefore the donation of an immovable.

We think the exceptions filed by the defendant should have been overruled. The judgment of the district court is therefore reversed, and the cause remanded with directions to the district court to overrule the exceptions and to proceed to the trial of the case on its merits; and the defendant and appellee is condemned to pay the costs of this appeal.